MATTER OF M—R—

In DEPORTATION Proceedings

A-12700022

*Decided by Board March 21, 1962*

**Misrepresentation—Section 212(a)(19)—Materiality.**

Willful misrepresentations as to name, marital status, and existence of minor children held not material in this case: the facts fail to suggest a ground of exclusion, or even a substantial question of admissibility. (Compare *Matter of S— and B—C—, 9—436.*)

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable under section 212(a)(19) in that procured visa by fraud or willfully misrepresenting a material fact.

### BEFORE THE BOARD

**DISCUSSION:** The special inquiry officer ordered proceedings terminated. The examining officer has filed this appeal and, together with it, a brief. The appeal will be dismissed.

Respondent, a 27-year-old widow, a native and citizen of Mexico, was admitted to the United States for permanent residence on June 15, 1961, upon surrender of an immigrant visa obtained the previous day from the American Consul in Juarez, Chihuahua, Mexico. The Service claims this visa was obtained by fraud or willful misrepresentation of a material fact in that the respondent had failed to reveal her true name, her marital status, and the fact that she had children, when she applied for the visa.

Respondent went through both a civil and religious marriage in Mexico in 1950. Her husband died in 1956. Three children were born of the union. Respondent testified that she went to the American consulate to obtain information about coming to the United States and was informed that a widow with 3 children could not immigrate unless she had some help to support her children. Not having such assistance available and being of the belief that she would not be permitted to come to the United States if she were to tell the truth, she applied for a visa in her maiden name, A—M—R—, a name she had allegedly used since the death of her husband, although as a

602

widow she could have used the name A—M— vda. de P—. When she applied for the visa, she concealed the fact that she had 3 children and that she had been married.

In Mexico, respondent had been employed as a domestic. Her visa file reveals that she was coming to the United States to take employment as a domestic at $25 a week, plus room and board. While in Mexico, she was apparently supporting her children. Two of the children entered the United States illegally and are now residing with relatives. One child remains in Mexico with the respondent's father. Respondent alleges she is supporting her father and this child. The record shows that she now earns $20 a week and receives room and board.

The service contends that had respondent revealed her name as a widow, she would have been required to submit a police record in that name (respondent did not submit such a report). It is contended that respondent's use of the maiden name and failure to reveal that she was a widow cut off avenues of inquiry which were material because the issuance of the visa lies in the discretion of the consul and had the truth been known to him he would have been required to determine if the salary the respondent was to receive would be sufficient to support a family in the United States, and also whether respondent had made adequate arrangements to care for her children or planned simply to abandon them. The belief is expressed that had the consul known the true facts he would probably have not issued a visa to respondent. The examining officer concedes that had the true facts been known, inquiry would not have placed respondent in an excludable class.

The special inquiry officer found that the misrepresentations were willful; however, he concluded that the misrepresentations, though concealing matters relevant and matters which the consul should have known, were not material because the truth would have merely revealed that the respondent had 3 dependents, a fact which would have revealed no statutory ground for respondent's exclusion. The special inquiry officer pointed out there was no indication that respondent was attempting to abandon her children, and since she could undoubtedly earn more in the United States than in Mexico she would be in a better position to support her 3 young children who were remaining behind, so that there was no question as to either abandonment or the possibility of respondent becoming a public charge while she continued to support her children.

Counsel points out that the respondent was asking for her visa only for herself and not for her children and that her ability to maintain herself in the United States was the issue before the consular official rather than whether respondent could afford to support a family in the United States.

603

The standards as to materiality were laid down by the Attorney General in *Matter of S— and B—C—*, 9—436 (Oct. 2, 1961).[1] The Attorney General's test for materiality in a case where the alien is not excludable on the true facts but where a relevant line of inquiry has been cut off (and surely information as to correct name, marital status, and family is relevant) requires a determination as to whether the inquiry might have resulted in a proper determination that the alien was excludable. (On this issue the alien bears the burden of proof.) On the facts as they existed when the consul considered respondent's application, we cannot conclude that he might have made a proper determination that she was excludable for the record establishes that respondent, coming to employment in which she was qualified and for which she was assured a reasonable salary, together with room and board, was not a person likely to become a public charge even though she would devote a portion of her income to the support of her children in Mexico. The facts fail to suggest a ground of exclusion or even the existence of a substantial question as to respondent's eligibility to enter. The misrepresentations, though willful and most deplorable, were not material.

ORDER: It is ordered that the appeal of the examining officer be and the same is hereby dismissed.

---

[1] At oral argument the Service representative stated that *Rocha* v. *United States*, 288 F.2d 545 (Mar. 2, 1961), cert. den. 366 U.S. 948 (June 12, 1961), which deals with criminal prosecution for fraud in immigration matters, requires the finding that the misrepresentation here was material. The Attorney General's decision was made after certiorari was denied in *Rocha* and was made without reference to *Rocha*. We are bound to follow the Attorney General's decision.